IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRISTIAN RUANO-CALDERON,** Petitioner, | ) | |
| v. | ) | 3:26cv1631 **Electronic Filing** |
| **WARDEN OF MOSHANNON VALLEY PROCESSING CENTER, MICHAEL ROSE, MARKWAYNE MULLIN, TODD BLANCHE,** Respondents. | ) | |

**MEMORANDUM ORDER**

AND NOW this 14th day of October, 2026, upon due consideration of petitioner's motion to enforce this Court's Judgment Order of September 14, 2026, and the parties' submissions in conjunction therewith, IT IS ORDERED that [7] the motion be, and the same hereby is, denied.

Petitioner's central contention is that respondents failed to comply with this court's Judgment Order because he never was physically released from custody. Instead, respondents rearrested him before he was able to leave Moshannon Valley Processing Center. This assertedly runs afoul of being "released" as mandated by the Judgment Order and compliance requires respondents to permit him to leave Moshannon before rearresting him. And so petitioner requests the court now order his actual release and enjoin respondents from rearresting him through an "uninterrupted transfer between asserted sources of detention authority."

Petitioner misreads the nature of the release mandated by the Judgment Order. The violation upon which the court granted relief was the respondents' misinterpretation of the scope and structure of 8 U.S.C. § 1225(b)(2) and the concomitant denial of the protections afforded by

the process afforded under 8 U.S.C. § 1226(a), all of which amounted to petitioner being held in violation of the laws and constitution of the United States. But the record shows that respondents have purged that wrongful detention and petitioner is now being detained pursuant to statutorily authorized process that seemingly passes constitutional muster.

Congress authorized the seizure and detention of aliens who are discovered within the interior of the Country pending a decision on whether the individual is removable from the United States. 8 U.S.C. § 1226(a). That authority may be exercised through "a warrant issued by the Attorney General." Id. And the statute vests a considerable degree of discretion in the Attorney General as to whether to detain or release the alien on bond with various conditions. Id. at §§ 1226(a)(1) & (2).

Pursuant to this authority, the Secretary has promulgated regulations that govern aliens detained pursuant to § 1226(a). Detainees held pursuant to that authority may be released on bond by Immigration and Customs Enforcement or an immigration judge "if the detainee 'demonstrate[s] ... that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding.'" Borbot v. Warden Hudson County Correctional Facility, 906 F.3d 274, 275 (3d Cir. 2018) (quoting 8 C.F.R. § 236.1(c)(8)). If detained at the initial bond hearing, a § 1226(a) detainee may request a custody redetermination hearing before an Immigration Judge. Id. (citing 8 C.F.R. § 236.1(d)(1)). A redetermination hearing will be held "only upon a showing that the alien's circumstances have changed materially." Id. (quoting 8 C.F.R. § 1003.19(e)). "Both the initial bond determination and subsequent custody decisions can be appealed to the Board of Immigration Appeals (BIA)." Id. (citing 8 C.F.R. § 236.1(d)(3)).

Moreover, the Secretary has established regulations which govern the authorization of detention and the detainee's ability to initiate review of decisions requiring detention. As a general matter, aliens may be detained under § 1226(a) when "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [detainee has been] arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R § 236.1(b). The immigration officers authorized to issue such warrants are identified in 8 C.F.R. § 287.5(e)(2) and those who are authorized to serve such warrants are listed in § 287.5(e)(3). 8 C.F.R. § 236.1(b)(1). The Secretary has implemented the established Form I-200 (Warrant for Arrest of Alien) to effectuate a properly authorized arrest warrant.

Applications for an initial redetermination hearing before an Immigration Judge by those administratively arrested and detained may be made orally, in writing or, if authorized by the immigration judge, by telephone. 8 C.F.R. § 1003.19. Such a request is to be made to 1) the Immigration Court having jurisdiction over the place of detention; 2) the Immigration Court having administrative control over the case; or 3) the Office of the Chief Immigration Judge requesting a designation of the appropriate Immigration Court. Id. (in that order). The Secretary has promulgated Standard Form I-286 (Notice of Custody Determination) providing a detainee with notice of detention and the ability to request review of the detention decision by an immigration judge.

Here, the record demonstrates that the respondents have properly exercised the authority provided under 8 U.S.C. § 1226(a) to arrest petitioner. As respondents' response to the pending motion demonstrates, petitioner was "rearrested" at Moshannon pursuant to a valid warrant issued by the Attorney General, which was served on petitioner. He was then presented with a

Notice of Custody Determination, which was also presented. And petitioner elected to have an immigration judge review the custody determination accompanying his arrest. On September 22, 2026, an Immigration Judge ordered petitioner detained on the ground that "bond would not mitigate [petitioner's] flight risk."

The above makes clear that respondents no longer have custody of petitioner pursuant to 8 U.S.C. § 1225(b)(2) and they have purged that unlawful detention. So at this point there is no question that petitioner's detention is governed by § 1226(a) and the record does not reflect any improper statutory or constitutional defect in that detention. In other words, it is clear that the statutorily unlawful and unconstitutional detention initiated pursuant to § 1225(b)(2) ceased to exist on September 15, 2026, when respondents released petitioner from detention under that asserted authority and issued an I-200 Warrant and accompanying I-286 Notice pursuant to § 1226(a). As a result, with regard to the mandate to "release" petitioner, the record lacks any sound basis for the further relief requested in petitioner's motion to enforce.[1]

s/ David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Jerome A. Moschetta, AUSA
Brittany Sophrone Pierce, Esquire

(*Via CM/ECF Electronic Mail*)

---

[1] Petitioner's contention that respondents be precluded from taking him back into custody based on an uninterrupted transfer between sources of authority in effect asks the court to enjoin respondents from rearresting petitioner. The court made clear in its Judgment Order that it would not do so. See Judgment Order of September 14, 2026 (Doc. No. 12) at 3-4 (following the approach of Judge Gallagher in Buele Morocho, who declined to enjoin respondents from rearresting the petitioner under § 1226(a) following the petitioner's release).